# Andora E. Tarrance and Montgomery Evans, Executors of Anna Evans, deceased, and Montgomery Evans, Administrator d. b. n. c. t. a. of Josiah W. Evans, deceased, *v.* Henry C. Reuther, Appellant.

*Will—Conversion—Power of sale—Sale by administrator d. b. n. c. t. a.*

Testator devised and bequeathed to his wife all his estate, real and personal for her life, and further directed as follows : " After her decease, I give and bequeath (what may be remaining) in equal shares to my brothers and sisters." He appointed his wife executor of his will, and gave her " full and ample power to carry the same into effect." He authorized and empowered his executor to sell and dispose of his real

estate either at public or private sale whenever and however it may be thought best. *Held,* that after the death of the wife an administrator d. b. n. c. t. a. had power to sell testator's land.

Argued Feb. 1, 1898. Appeal, No. 379, Jan. T., 1897, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1897, No. 87, in favor of plaintiffs on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The facts appear by the opinion of SWARTZ, P. J., which was as follows.

The will of Josiah W. Evans provides for the payment of his debts, gives some cash bequests to certain nephews, and then directs as follows : " I give and bequeath unto my beloved wife Anna all my estate, real and personal, subject to payment of debts, and the bequests aforesaid, for and during the term of her natural life, to hold and enjoy the same as fully to all intents and purposes as I could have done when living, and after her decease, I give and bequeath (what may be remaining) in equal shares to my brothers and sisters, their heirs and assigns. The shares to be paid to my sisters is to be their absolute property. Their husbands shall not have any right to receive or control over it or any part thereof.

" I hereby authorize and empower my hereinafter named executor to sell and dispose of my real estate either at public or private sale, whenever and however it may be thought best and execute and deliver good and sufficient deed or deeds to the purchaser or purchasers for the same, to be of the same force and effect as done in my life time.

" I hereby nominate, constitute and appoint my dear wife, Anna, executor of this my last will and testament giving her full and ample power to carry the same into effect, and request that she may use and enjoy said estate during her life so as to live easy and comfortable and enjoy herself as much as she can while living."

The testator died, seized of and in an undivided moiety in two brick houses and lots of ground situate in the city of Philadelphia. These properties remained unsold at the death of

Anna Evans, the widow and executrix of the testator. The widow Anna Evans, by her will gave her executors full power to sell any or all of her real estate. Her executors and Andora E. Tarrance, her sole residuary legatee and devisee, waived and relinquished all rights which their testatrix had under the terms of the will of Josiah W. Evans in the corpus of his estate. Montgomery Evans was made administrator d. b. n. c. t. a. of Josiah W. Evans. Mr. Evans as such administrator united with the executors of Anna Evans in the sale of the real estate above named, situate in Philadelphia. Will their deed convey a good title to the defendant Henry C. Reuther, the purchaser?

Whether Anna Evans took a fee in said real estate under her husband's will is doubtful: Gross v. Strominger, 178 Pa. 64, but it is not necessary to determine her title, for we are fully satisfied that the administrator d. b. n. c. t. a. of Josiah W. Evans has full power and authority to convey a good title to the defendant. The power of sale was given to the executor, virtute officii, and such power when absolute, passes to the administrator, d. b. n. c. t. a. The will says, " I authorize and empower my hereinafter named executor to sell or dispose of my real estate, either at public or private sale, whenever and however it may be thought best." When and how the sale is to be made the executor shall determine, the discretion is not limited to Anna Evans nor to her as widow. The executor is given full power " to carry the will into effect." A sale is necessary, first to execute the will, and secondly, there is such a blending of real and personal estate as to clearly show an intent to create a fund out of both real and personal estate and to bequeath the same as money. This is further shown by the direction " to pay the shares to the sisters." It is evident that the testator intended " what may be remaining," should pass to his brothers and sisters as money. Under the very terms of the will there is a necessary conversion of the real estate: Darlington v. Darlington, 160 Pa. 65 ; Hunt's Appeal, 105 Pa. 141.

The facts in our case are so similar to those found in Potts v. Breneman, 182 Pa. 295, that the adjudication in that case can leave no doubt as to the power of sale in the administrator d. b. n. c. t. a. of Josiah W. Evans. If there is any difference it is in the clearer interest on the part of Josiah W. Evans that the executor shall convert his real estate and

pay the proceeds in money to the legatees, the brothers and sisters.

And now, September 20, 1897, judgment is entered in favor of the plaintiffs and against the defendant on the case stated for the sum of $3,900 to be paid by the defendant, Henry C. Reuther, upon the delivery of a deed to him by the plaintiffs. for the real estate described in the case stated.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*N. H. Larzelere*, with him *M. M. Gibson*, for appellant.— Since the raising of the question in this case, but before the argument below, a late opinion has been rendered by this Court, Potts v. Breneman, 182 Pa. 295, which possibly renders much freer of doubt the question involved than it was before that decision. In that case is distinguished a line of cases which have tended and which did tend to raise grave doubt in the mind of defendant as to whether upon the death of an executor, the power of sale, where it was discretionary in extent, survived and could be exercised by an administrator with the will annexed. The cases which seemed to indicate strongly that such power does not survive may be found in Swift's Appeal, 87 Pa. 502, Wilkinson v. Buist, 124 Pa. 253, and Fidler v. Lash, 125 Pa. 87.

A bare power of sale such as is given in the will under consideration like a discretionary power does not work a conversion until exercised: Sheridan v. Sheridan, 136 Pa. 14; Peterson's App., 88 Pa. 397.

*Montgomery Evans*, with him *Louis M. Childs*, for appellees.— The blending of the estate and its distribution as directed worked a conversion: Hunt's App., 105 Pa. 141; Darlington v. Darlington, 160 Pa. 65.

The power of sale given under the statutes can be exercised by an administrator, cum testamento annexo: Lantz v. Boyer, 81 Pa. 325; Livingood v. Heffner, 21 W. N. C. 148; Potts v. Breneman, 182 Pa. 295.

PER CURIAM, April 4, 1898:

This appeal is from the judgment of the court below in favor

of the plaintiffs on the case stated. The only error assigned is the entry of judgment against the defendant. Our consideration of the facts of which the judgment is predicated, all of which are embodied in the case stated, has satisfied us that there is no error in the conclusion reached by the court below.

There is nothing in the questions involved that requires discussion.

Judgment affirmed.